UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Catherine Bleish

   v.                                              Civil No. 11-cv-162-LM

Master Patrolman Todd M. Moriarty,
Individually and Officially; Senior
Patrolman Matthew J. DiFava,
Individually and Officially; Senior
Patrolman Timothy J. MacIssac,
Individually and Officially, Officer
Charles MacGregor, Individually and
Officially; Officer Eric Walker,
Individually and Officially; Chief
Donald F. Conley, Individually and
Officially; Nashua Police Department;
and The City of Nashua


**O R D E R**

    Catherine Bleish has sued eight defendants in eighteen counts, asserting claims for damages under the Federal Constitution (Counts I-V), the New Hampshire Constitution (Counts VI-X), and the common law of New Hampshire (Counts XI-VII).  Her claims arise from her arrest by officers of the Nashua Police Department which took place when she was photographing a protest rally and protesting the officers' response to it.  Before the court is defendants' motion for judgment on the pleadings on Bleish's claims under the state constitution.  Bleish objects.  For the reasons that follow,

defendants' motion is granted, but only to the extent that Counts VI-X are dismissed without prejudice to being brought in state court.

## The Legal Standard

"The standard for evaluating a motion to dismiss is the same as that for a motion for judgment on the pleadings." Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 n.3 (1st Cir. 2009) (citing Citibank Global Mkts., Inc. v. Rodríquez Santana, 573 F.3d 17, 23 (1st Cir. 2009)).

A motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" United Auto., Aero., Agric. Impl. Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 40 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). On the other hand, a Rule 12(b)(6) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not]

contain enough meat to support a reasonable expectation that an actionable claim may exist." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007); Morales-Tañón v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008)).

**Background**

The following factual recitation is drawn from Bleish's complaint. See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (citing SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)); Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (citation omitted).

On March 20, 2010, Bleish went to Library Hill in Nashua, New Hampshire, to document a peaceful protest. While Nashua police officers were arresting a protester, Bleish protested the officers' actions, vocally and otherwise. Then, at the request of the arrestee, Bleish leaned in and took a close-up photograph of the arrest. She backed away seconds later and was then confronted by a police dog that barked at her and bared its teeth. The police dog was under the control of Master Patrolman Todd Moriarty.

Bleish asked Moriarty not to sic the dog on her.  Moriarty then ordered Bleish to "get on the curb" or face arrest. Seconds later, Moriarty directed other officers to arrest Bleish, which they did.  Officers then took Bleish to the Nashua police station where they booked her.  She was charged with disorderly conduct for "engag(ing) in conduct that substantially interfere[d] with a criminal investigation."  Compl. (doc. no. 1) § 25.  Bleish was subsequently acquitted of that charge in the Nashua District Court.

This action followed.  As noted, Bleish has brought claims under the First and Fourth Amendments to the United States Constitution (pursuant to 42 U.S.C. §§ 1983 and 1988), the state constitution, and state common law.  Bleish's common-law claims include intentional infliction of emotional distress, false imprisonment, assault, battery, and negligence (in the form of negligent training and supervision).  At issue in the pending motion are Bleish's claims that defendants violated the New Hampshire Constitution by infringing her rights to: (1) free speech, as protected by Part I, Article 22 (Count VI); (2) freedom of the press, as protected by Part I, Article 22 (Count VII); (3) free assembly, as protected by Part I, Article 32 (Count VIII); (4) freedom from malicious prosecution, as

protected by Part I, Article 19 (Count IX); and (5) freedom from unreasonable seizure and/or excessive force, as protected by Part I, Article 19 (Count X).

## Discussion

Defendants move for judgment on the pleadings on Counts VI-X and ask the court to dismiss those claims. They argue that: (1) the New Hampshire Supreme Court has not recognized the causes of action on which Bleish bases her claims, and has announced that it is not inclined to create constitutional torts where adequate remedies already exist; and (2) the Court of Appeals for the First Circuit has directed district courts not to recognize state-law rights that have not been identified by the courts of the states in which they sit. In her objection, Bleish: (1) concedes that the New Hampshire Supreme Court has not recognized any of the constitutional claims she is asserting here; (2) explains why she thinks it might be inclined to do so; and (3) asks this court to seek guidance from the New Hampshire Supreme Court through the certification process, because "the State law is not sufficiently clear as to whether [she] has New Hampshire Constitutional claims," Pl.'s Obj. (doc. no. 17-1), at 5). In their reply, defendants contend that this court should not certify any questions to the state supreme court because:

(1) it was Bleish's choice to pursue her novel state constitutional claims in this court; and (2) this court can dismiss Counts VI-X, on the merits, under the reasoning of Rockhouse Mountain Property Owners Ass'n v. Town of Conway, 127 N.H. 593 (1986), Marquay v. Eno, 139 N.H. 708 (1995), and Khater v. Sullivan, 160 N.H. 372 (2010).

The court begins with a point of agreement.  Bleish, the defendants, and the court all agree that the New Hampshire Supreme Court has never recognized any constitutional torts that would serve as causes of action to vindicate the rights protected by Part I, Articles 19, 22, and 32 of the New Hampshire Constitution.  Moreover, that court has never even been presented with the opportunity to decide whether to recognize such causes of action.  The three opinions on which defendants rely for the proposition that the state supreme court is generally ill-disposed to recognizing new constitutional torts all rejected causes of action said to arise from the state constitution's equal-protection and due-process provisions.  See Rockhouse, 127 N.H. at 597, 601; Marquay, 139 N.H. at 721-22; Khater, 160 N.H. at 373, 375.  In any event, this court "must take state law as it exists: not as it might conceivably be, some day; nor even as it should be," Plummer v. Abbott Labs.,

568 F. Supp. 920, 927 (D.R.I. 1983), and as the law of New Hampshire currently exists, there is no cause of action to remedy violations of the constitutional rights at issue in Counts VI-X. In the absence of a duly recognized cause of action, the court has two options: certification or dismissal.

Under the circumstances of this case, certification is not appropriate. Bleish has not moved to certify any questions of law to the state supreme court. Rather, she seeks that relief in her objection to defendants' motion for judgment on the pleadings. But, Local Rule 7.1(a)(1) provides that "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing." Because it was made in her objection, rather than in a separate motion, Bleish's request for certification is not properly before the court.

Moreover, the court notes that even if Bleish's request had been properly presented, i.e., in a separate motion rather than tucked into an objection, any such request would have faced long odds, given her status as the plaintiff in this case. As Judge McAuliffe recently observed, "one who chooses the federal courts in [a] diversity action[ ] is in a particularly poor position to

seek certification."[1] Welcome v. Yezzi, No. 08-cv-429-SM, 2009 WL 1650469, at *3 (D.N.H. June 10, 2009) (quoting Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 95 (1st Cir. 2007)). In other words: "If plaintiff, fully chargeable with knowledge of the decided New Hampshire cases, nonetheless chose to reject a state-court forum in favor of a federal forum, [she] is in a perilously poor position to grumble when we follow existing state precedent." Kassel v. Gannett Co., 875 F.2d 935, 950 (1st Cir. 1989) (citation omitted). Here, Bleish could have pursued her state claims in state court, but chose not to, despite knowing that "State law is not sufficiently clear as to whether [she had] New Hampshire Constitutional claims." Pl.'s Obj., at 5. If presented with an actual motion to certify, the court would be reluctant to put defendants to the trouble and expense of litigating through the certification process for the purpose of bailing Bleish out of what she now appears to see, in hindsight, as an ill-considered choice of forum.

---

[1] While Bleish's state constitutional claims are here under the court's supplemental jurisdiction, see 28 U.S.C. § 1367, rather than diversity jurisdiction, see 28 U.S.C. § 1332, the principle is the same; as the plaintiff, Bleish was free to file her claims in either state court or federal court. Cf. Penney v. Town of Middleton, 888 F. Supp. 332, 336 (D.N.H. 1994) (dismissing novel state constitutional claim over which court had pendent jurisdiction rather than diversity jurisdiction).

8

With certification off the table, the question that remains is the type of dismissal to which defendants are entitled. Defendants urge the court to follow Rockhouse, Marquay, and Khater and dismiss Counts VI-X on the merits. The court declines to do so.

In Penney v. Town of Middleton, the plaintiffs asserted a variety of federal and state claims, including one for "damages . . . based on a violation of the New Hampshire Constitution's equal protection clause." 888 F. Supp. 332, 342 (D.N.H. 1994). In partially granting the defendants' motion to dismiss, Judge Barbadoro ruled on the state constitutional claim in the following way:

> The law in this circuit is that a plaintiff who chooses the federal forum cannot expect a federal court to break new ground in recognizing rights under state law that have not yet been identified by the state's own courts. DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 916 (1st Cir. 1992). Since the New Hampshire Supreme Court has so far declined to recognize an implied right to damages for violations of . . . Pt. 1, Article 14 of the state's constitution, Rockhouse Mountain Property Owners Ass'n v. Town of Conway, 127 N.H. 593, 597–602 (1986), I grant defendants' motion to dismiss this claim.

Penney, 888 F. Supp. at 342 (parallel citation omitted). Presented with a similar situation in Bourne v. Town of Madison, i.e., the assertion of state constitutional torts premised on violations of the plaintiff's rights to due process and equal

protection, see 494 F. Supp. 2d 80, 94 (D.N.H. 2007), Judge DiClerico ruled: "As the New Hampshire Supreme Court has not yet recognized an implied right to damages for violations of Part 1, Articles 1 and 12 of the state constitution, the court will not entertain an action for damages on such grounds here," id.

In both Penney and Bourne, the plaintiffs asserted constitutional torts based on violations of their rights, under the state constitution, to due process and equal protection. Those claims were dismissed, presumably with prejudice, because the New Hampshire Supreme Court had expressly declined to recognize constitutional torts based on alleged violations of the plaintiffs' rights to due process and equal protection. If Bleish had asserted claims based on constitutional torts arising from the state constitution's due-process and equal-protection provisions, then Penney, Bourne, Rockhouse, Marquay, and Khater would all counsel in favor of the result defendants seek, i.e., dismissal on the merits.

But, as noted above, the legal status of the claims Bleish asserts is different; the New Hampshire Supreme Court has not recognized the constitutional torts on which she bases her claims at least in part because it has never been asked to do so. Thus, this is not a case in which the court can simply

apply established precedent and dismiss Counts VI-X for failure to state a claim.  See Kassel, 875 F.2d at 950 ("[W]hen state law has been authoritatively declared, the federal tribunal should apply that law according to its tenor.").

Rather, dismissing Bleish's claims on the merits, just like allowing them to proceed, would require the court to predict whether, and if so how, the New Hampshire Supreme court would extend its holdings in Rockhouse, Marquay, and Khater to cover the factual and legal circumstances presented by Bleish's claims.  Any legal pathway from those opinions to this case would be a long one.

In Rockhouse, the New Hampshire Supreme Court declined to recognize a cause of action for damages arising from violation of the equal-protection and due-process components of Part I, Article 12, of the New Hampshire Constitution.  See 127 N.H. at 597.  The factual basis for the damages claim in Rockhouse was the Town of Conway's "refusal to lay out certain roads."  Id. at 594.  The court's decision hinged on the availability of an adequate statutory remedy, see id. at 599, along with the court's interest in preserving limited municipal and official immunity, see id. at 599-601.

11

In Marquay, the New Hampshire Supreme Court declined to recognize a cause of action for damages arising from violation of Part I, Article 2 of the New Hampshire Constitution.  See 139 N.H. at 721.  The factual basis for the damages claim in Marquay was a school's failure to protect several of its students from being sexually abused by teachers and coaches at the school.  See id. at 711.  The court's decision hinged on the availability of an adequate common-law remedy.  See id. at 722.

Finally, in Khater, the New Hampshire Supreme Court declined to recognize a cause of action for damages arising from violation of the equal-protection provision of Part I, Article 12 of the New Hampshire Constitution.  See 160 N.H. at 375.  The factual basis for the damages claim in Khater was the Town of Hudson's decision to deny the plaintiffs' applications for "two retail vehicle permits to display and sell vehicles."  Id. at 373.  The court's decision rested on the same reasons that supported its previous decision in Rockhouse.  See 160 N.H. at 374-75.

Here, by contrast, Bleish bases her claims on constitutional provisions protecting freedom of speech, freedom of the press, freedom of assembly, and freedom from malicious prosecution, unreasonable seizure, and excessive force.  And,

while Rockhouse, Marquay, and Khater involved town officials or school employees as state actors, this case involves police officers. Finally, there is little overlap between the statutory and common-law remedies that were available in Rockhouse, Marquay, and Khater and those that are potentially available in this case.

The conduct at issue, the constitutional rights asserted, and the other remedies available in Rockhouse, Marquay, and Khater are substantially different from the conduct, rights, and remedies at issue in this case. Any trail that might lead from those opinions to this case should be blazed in the state courts of New Hampshire, not in this forum. See Pimental v. Dartmouth-Hitchcock Clinic, 236 F. Supp. 2d 177, 188 (D.N.H. 2002) ("This court is and should be hesitant to blaze new, previously uncharted state-law trails.") (quoting Dennis v. Husqvarna Forest & Garden Co., Civ. No. 94-309-M, 1994 WL 759187, at *7 (D.N.H. Dec. 27, 1994)); see also Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 402 (1st Cir. 2005) ("A federal court sitting in diversity cannot be expected to create new doctrines expanding state law.") (citing A. Johnson & Co. v. Aetna Cas. & Sur. Co., 933 F.2d 66, 73 n.10 (1st Cir. 1991)).

To be sure, "[w]hen the signposts [indicating how a state's highest court might rule] are somewhat blurred, the federal court may assume that the state court would adopt an interpretation of state law that is consistent with logic and supported by reasoned authority." Moore v. Rockwood, No. 09-cv-329-SM, 2010 WL 1417653, at *4 (D.N.H. Apr. 5, 2010) (citing Moores v. Greenberg, 834 F.2d 1105, 1107 n.3 (1st Cir. 1987)). But here, to determine whether the New Hampshire Supreme Court would recognize the claims asserted in Counts VI-X would require much more than applying logic and reasoned authority. As Justice Souter explained in Rockhouse: "[I]n any case in which we are asked to recognize a new cause of action, it is a question of policy whether it would be wise to provide the relief that the plaintiffs seek." 127 N.H. at 597 (citing Siciliano v. Capitol City Shows, Inc., 124 N.H. 719, 725 (1984)). There can be no reasonable argument that this court is the proper place to hash out the policy concerns that would underpin a determination that the New Hampshire Supreme Court would, or would not, recognize the causes of action on which Counts VI-X are based.

Because this court is not the proper forum in which to address the policy questions that would necessarily have to be

answered along the way toward determining that the New Hampshire Supreme Court would not recognize the claims Bleish asserts in Counts VI-X, dismissal without prejudice is the only suitable disposition of those claims.

## Conclusion

For the reasons described above, defendants' motion for judgment on the pleadings on Counts VI-X, document no. 16, is granted, but only to the extent that those claims are dismissed without prejudice to their being brought in state court.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 9, 2011

cc:  Brian J.S. Cullen, Esq.
     Seth J. Hipple, Esq.
     Stephen T. Martin, Esq.